**FILED - GR**

December 9, 2010 10:02 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __ald__ / _____ SCANNED BY: /AMD 12 −9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

----------------------

UNITED STATES OF AMERICA,

                    Plaintiff,                    No.        **1:10-cr-380**

                                                             **Paul L Maloney**
vs.                                               Hon.       **Chief U.S. District Judge**

JEREMY R. SHEETS,

                    Defendant.                    **FELONY INFORMATION**

_____/

        The United States of America charges:

        1.      Defendant Jeremy R. Sheets is the president and part owner of Company A and

acts as its agent.

        2.      Company A, a Michigan corporation, provides Internet access and related

technology services. Company A's customers include schools that participate in the Federal E-

Rate Program. The Federal government created the E-Rate Program to provide subsidies to

schools and libraries for use in obtaining Internet access and other telecommunications services.

The E-Rate Program is administered by the Schools and Libraries Division of the Universal

Service Administrative Company ("USAC").

        3.      Schools participating in the E-Rate Program, as well as the vendors supplying

services to schools receiving E-Rate Program funding, must follow the rules of the E-Rate

Program. One rule which is essential for the efficient operation of the E-Rate Program is that

each applicant school must pay some percentage of the total cost of the goods and services for

which it is seeking funding.  The percentage that each applicant school must pay ranges from approximately 10% to 80%, depending on particular characteristics related to the economic neediness of each applicant school.  The government pays the balance of that cost, which ranges from as low as 20% to as high as 90%.

4.      Each funding year, applicants are required to identify the particular goods and services for which they are seeking E-Rate funding, so that USAC may determine whether funding should be denied for ineligible goods and services, and also so that USAC may determine the priority with which funding should be awarded for eligible goods and services.

5.      E-Rate Program rules do not allow applicant schools to obtain grants, donations, or other sources of funding from vendors seeking to do business with the applicant.

6.      The E-Rate Program rules discussed above are intended to ensure that each applicant school actively seeks the lowest price for the goods and services for which it is seeking funding, and also to ensure that the applicant schools do not seek funding for unnecessary goods and services.

7.      Beginning in or about December 2001 and continuing until in or about December 2007, in the Western District of Michigan, Southern Division, and elsewhere, Defendant,

## JEREMY R. SHEETS,

devised, operated, and participated in a scheme to defraud the E-Rate Program and to obtain money and property from the E-Rate Program by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

8.      Defendant's scheme to defraud the E-Rate Program included offering donations and ineligible and undisclosed goods and services to school districts in Western Michigan in

-2-

order to induce the school districts to choose Company A as their E-Rate Program vendor and to apply for E-Rate funding for Company A's services.

9.     On or about July 26, 2004, Defendant made a "donation" to one school district ("School District A"), intending to compensate School District A for its share of its E-Rate Program expenses. This donation was made to induce School District A to contract with Company A in order for Company A to receive funding through the E-Rate Program.

10.    As a further part of the scheme, Defendant did not charge and compensated a second school district ("School District B") for its share of E-Rate Program expenses, including payments pursuant to which Company A purported to "lease" School District B's radio towers. The sums Defendant paid to School District B were calculated to reimburse School District B for School District B's share of E-Rate Program expenses for each funding year and were made to induce School District B to contract with Company A in order for Company A to receive funding through the E-Rate Program.

11.    Defendant also sought to circumvent the E-Rate Program's requirement that funding only be sought for goods and services related to Internet connectivity and access in order to induce School District B to contract with Company A. Working together with an employee of School District B ("Individual A"), Defendant encouraged and allowed School District B to order certain goods and services which were not eligible for funding under the E-Rate Program and not disclosed to USAC, and Company A provided the goods and services in question, and was reimbursed for such goods and services, from overcharges to the E-Rate Program.

12.    As part of the scheme to defraud, Defendant also provided Individual A, whose duties included preparing applications for E-Rate Program funds and other technology matters on

-3-

behalf of School District B, certain gifts, including but not limited to a wide-screen television and entertainment system. Such items were paid for in part through, or otherwise were related to, the overcharges to the E-Rate Program described above in Paragraph 11.

13. As part of the scheme to defraud, Defendant concealed the gifts, donations, lease agreements, and ineligible and undisclosed goods and services described above in Paragraphs 9-12 from the E-Rate Program.

14. As part of the scheme to defraud, Defendant also made material misrepresentations to the E-Rate Program that Company A had charged School Districts A and B for their percentage of E-Rate Program expenses when, in fact, Company A did not charge for those costs and Defendant had paid donations and lease payments to cover those costs.

15. On or about August 9, 2006, in the Western District of Michigan, Southern Division, and elsewhere, Defendant, having devised and participated in the above-described scheme to defraud and to obtain money and property from the E-Rate Program, for the purpose of executing the scheme, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, an electronic mail message and attached invoice from a computer located in Michigan to an E-Rate Program computer server located outside of Michigan in response to an application review then being conducted by USAC which sought details concerning the E-Rate services contract between Company A and School District B for the 2006-07 school year.

**18 U.S.C. § 1343**

-4-

CHRISTINE A. VARNEY
Assistant Attorney General
Antitrust Division
U.S. Department of Justice

MARVIN N. PRICE, JR.
Chief, Chicago Field Office
Antitrust Division
U.S. Department of Justice

SCOTT D. HAMMOND
Deputy Assistant Attorney General
Antitrust Division
U.S. Department of Justice

JASON C. TURNER
JENNIFER M. DIXTON
MEAGAN D. JOHNSON

Attorneys, Antitrust Division
U.S. Department of Justice
Chicago Field Office
209 South LaSalle Street, Suite 600
Chicago, IL 60604
Tel.: (312) 353-7530
Fax: (312) 353-1046

-5-